IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM FIRE AND CAS. CO.,** *Plaintiff,* | : : : | **CIVIL ACTION** |
| v. | : : | |
| **JOSEPH C. WALKER,** *Defendant.* | : : : | NO.  21-cv-3325 |

## MEMORANDUM

**KENNEY, J.**                                                                                           **October 29, 2021**

In 2021, a civil action was filed against Defendant Joseph C. Walker in the Court of Common Pleas of Montgomery County for injuries that occurred in Defendant Walker's home. Pursuant to a homeowners insurance policy, Plaintiff State Farm Fire and Casualty Company ("State Farm") has provided a legal defense for Defendant Walker in that action at its own expense. State Farm now seeks a declaratory judgment that, as a matter of law, it does not have a duty to defend or indemnify Walker because the alleged injuries are not covered by the insurance policy. Because this Court agrees, the motion for judgment on the pleadings is granted.

I.     FACTS[1]

**The Policy**

State Farm issued a homeowners policy, No. 78-CM-4873-5, to Defendant Joseph C. Walker for a home in Sanatoga, Pennsylvania for the period August 29, 2019 to August 29,

---

[1] The Court construes all allegations and reasonable inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). In deciding a motion for judgment on the pleadings, this Court considers the pleadings and attached exhibits, undisputedly authentic documents attached to the motion where the claims are based on those documents, and matters of public record. *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010).

1

2020. Compl. ¶ 8-9. The policy provides personal liability coverage for bodily injury and property damage. *Id.* ¶ 10. This coverage is subject to certain terms, conditions, exclusions, and exceptions. Specifically, the policy provides that State Farm will pay up to its limit of liability for the damages for which the insured is legally liable and will provide a legal defense at its own expense, for claims made "against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence." Ex. A, ECF No. 1-2 at SF000042. The policy defines "occurrence" as "an accident, including accidental exposure to conditions, which first results in (a) bodily injury; or (b) property damage during the policy period." *Id.* at SF000023.

The policy includes certain exclusions to coverage. Coverage that would otherwise be provided is excluded when the resulting bodily injuries were either (1) a result of a willful and malicious, or criminal, act or omission of the insured, (2) was intended by the insured, or (3) would have been expected by the insured based on a reasonable person standard. *Id.* at SF000043-44. In addition, the second and third exclusion have an exception: coverage is not excluded for bodily injury resulting from the use of reasonable force to protect persons or property. *Id.* at SF000044.

### The Underlying Action

On February 17, 2021, a complaint was filed against Walker in the Court of Common Pleas of Montgomery County, Pennsylvania ("Underlying Complaint"). Compl. ¶ 13; Ex. B, ECF No. 1-3. The Underlying Complaint alleges that Walker "acting in an erratic manner, proceeded to point and fire a gun at" Kwak, and caused her to sustain serious bodily injuries to her chest, abdomen, lower back, and right leg. Ex. B, ECF No. 1-3 at ¶¶ 6-7. The Underlying Complaint alleges that the injury occurred at the Sanatoga, Pennsylvania residence covered by

the homeowner policy. Ex. B, ECF No. 1-3 at ¶¶ 4-5. The Underlying Complaint seeks compensatory and punitive damages from Walker for assault and battery, negligence, and intentional infliction of emotional distress. Ex. B, ECF No. 1-3. In Walker's answer to the Underlying Complaint, Walker alleges that he acted in "justifiable self-defense" to protect himself from an imminent threat of bodily harm posed by Kwak, who was wielding a baseball bat. ECF No. 12 at 3.

## II. PROCEDURAL HISTORY

The Underlying Complaint was filed on February 17, 2021. State Farm filed the Complaint in this action on July 27, 2021. ECF No. 1. State Farm filed a motion for judgment on the pleadings on September 13, 2021. ECF No. 10. Walker filed a response. ECF No. 12. State Farm filed a reply. ECF No. 13.

## III. STANDARD OF REVIEW

A court may grant a motion for judgment on the pleadings "if, on the basis of the pleadings, the movant is entitled to judgment as a matter of law." *Fed Cetera, LLC v. Nat'l Credit Servs., Inc.*, 938 F.3d 466, 469 n.7 (3d Cir. 2019) (quotation omitted). A motion for judgment on the pleadings is analyzed under the same standards that apply to a motion to dismiss, construing all allegations and inferences in the light most favorable to the nonmoving party. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).

It is undisputed that Pennsylvania law applies to this Court's determination of whether State Farm has duties to defend and indemnify pursuant to the terms of the insurance policy. ECF No. 10 at 4-5; ECF No. 12 at 6. An insurer's duties to defend and indemnify depend upon a determination of whether the language of the third party's complaint triggers coverage under the

insurance policy. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006); *Lupu v. Loan City, LLC*, 903 F.3d 382, 389-390 (3d Cir. 2018). In making this determination, Pennsylvania courts look solely to the allegations within the four corners of the complaint. *Lupu*, 903 F.3d at 389-390 (citing *Am. and Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010)). "[T]he particular cause of action that a complainant pleads is not determinative," instead courts "look at the factual allegations contained in the complaint" to determine whether coverage has been triggered. *Mutual Ben. Ins. Co. v. Haver*, 725 A.2d 743, 745 (Pa. 1999). The allegations in the underlying complaint are "liberally construed in favor of the insured," and "if any doubt or ambiguity exists, it must be resolved in favor of coverage." *Erie Ins. Exch. v. Moore*, 228 A.3d 258, 265 (Pa. 2020) (citing *Am. and Foreign Ins. Co.*, 2 A.3d at 540).

IV.   DISCUSSION[2]

The parties agree that State Farm does not have a duty to defend if it is clear from an examination of the allegations in the underlying complaint that the claim does not potentially come within the policy's coverage.[3] Here, the policy provides coverage for "damages because of bodily injury … caused by an occurrence." The policy defines an occurrence as an accident. An accident is "an unexpected and undesirable event, or something that occurs unexpectedly or unintentionally." *Kvaerner*, 908 A.2d at 898 (citation omitted). The key term is "unexpected," which implies a degree of fortuity. *Id*.

---

[2] Any arguments raised by the parties not included here have been considered by the Court and determined to be irrelevant or of minimal persuasive value.

[3] This Court focuses on the duty to defend because it is broader than the duty to indemnify. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co.*, 908 A.2d 888, 896 n.7. Because both duties flow from a determination that the insurance coverage is triggered, if the insurer does not have a duty to defend, it also does not have a duty to indemnify. *Id.*

State Farm argues that the factual allegations in the Underlying Complaint do not describe an accident or occurrence, but rather an intentional act of assault and battery. Conversely, Walker argues that the Underlying Complaint adequately alleges an occurrence because it alleges that Walker acted "in an erratic manner" and "erratic" evinces a sense of chaos and disorder.

This Court finds that the Underlying Complaint contains no factual allegations that Walker's act was accidental or unintentional. A chaotic situation does not render all subsequent events unintentional or unexpected. The allegation that Walker, "acting in an erratic manner, proceeded to point and fire a gun at" Kwak is an allegation of intentional conduct, not an accident. *See Gene's Rest., Inc. v. Nationwide Ins. Co.*, 519 Pa. 306, 309 ("willful and malicious assault … is not an accident"); *see also Erie Ins. Exch. v. Heisey*, 81 Pa. D. & C.4th 18, 29-30 (Pa. Ct. Com. Pl. 2007) (finding that the insured's act of shooting another was not an accident). Because the factual allegations in the complaint do not constitute an occurrence, no duty to defend is triggered.

Defendant also points to the negligence counts in the Underlying Complaint as evidence that the action could potentially come within the policy's coverage, but this Court looks solely to the *factual allegations* contained in the complaint, and the pleaded causes of action are not determinative. *Mutual Ben. Ins. Co.*, 725 A.2d at 745. This Court finds that the alleged conduct does not constitute an occurrence, and therefore the negligence counts in the Underlying Complaint, on their own, cannot trigger the insurance policy. After finding no coverage under the policy, this Court does not need to consider whether any of the policy's exclusions apply. *Unitrin Direct Ins. Co. v. Esposito*, 751 F. App'x 213, 215 (3d Cir. 2018).

After construing all allegations and reasonable inferences in the light most favorable to

the nonmoving party, this Court finds that, as a matter of law, State Farm does not have a duty to defend or indemnify Walker in the underlying action.

## V. CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings is GRANTED. An appropriate order follows.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____
**CHAD F. KENNEY, JUDGE**